UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANTANDER HOLDINGS USA, INC. & SUBSIDIARIES, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Case No. 09-cv-11043<br><br>Hon. George A. O'Toole, Jr.<br><br>March 30, 2012 |

**STIPULATION AND PROPOSED ORDER REGARDING THE DEPOSITIONS OF CERTAIN WITNESSES AND CERTAIN OTHER DISCOVERY ISSUES**

WHEREAS, the close of substantial fact discovery is March 30, 2012 and the close of all discovery is October 26, 2012.

WHEREAS, the interim substantial fact discovery deadline was set by the Court so that the factual record would be substantially set prior to the exchange of expert reports.

WHEREAS, the parties have completed numerous depositions and currently have scheduled or intend to schedule numerous depositions before the close of substantial fact discovery in this case on March 30, 2012.

WHEREAS, the parties have previously agreed and received Court approval, to conduct additional depositions after the close of substantial fact discovery of various third-party witnesses who acted as advisors to Barclays or to the Plaintiffs in the STARS Litigations.[1]

---

[1] The "STARS Litigations" are comprised of the following four cases: *Santander Holdings USA, Inc. & Subs. v. United States*, No. 1:09-cv-11043-GAO (D. Mass. filed June 17, 2009); *Salem Financial v. United States*, No. 1:10-cv-00192-TCW (Fed. Cl. filed March 30, 2010); *Wells Fargo & Co. v. United States*, No. 0:09-cv-02764-PJS-AJB (D. Minn. filed Oct. 5, 2009); and *Bank of New York Mellon Corp., as successor in interest to The Bank of New York Co. v. Comm'r*, No. 26683-09 (T.C. filed Nov. 10, 2009).

**Additional Fact Depositions**

WHEREAS, Defendant has since requested and Plaintiff has agreed, subject to further Court approval, to conduct the deposition of David Brawley after the substantial fact discovery cutoff date.  Mr. Brawley was affiliated with KPMG when it served as an advisor to the Plaintiffs in the STARS Litigations.

WHEREAS, Defendant has also requested and Plaintiff has agreed, subject to Court approval, that the Defendant may seek leave pursuant to Rule 30(a)(2)(B) to depose Raymond J. Ruble, formerly from the law firm Sidley Austin LLP (f/k/a/ Sidley Austin Brown & Wood) ("SABW"), after the substantial fact discovery cutoff date.  While Plaintiff does not oppose the proposed timing of the deposition, leave is required under Rule 30(a)(2)(B) because Mr. Ruble is currently confined in federal prison.  Defendant will file such motion no later than Friday, April 6, 2012.

WHEREAS, Plaintiff's stipulation to Defendant's filing a motion for leave to take the Ruble deposition after the discovery cut-off is subject to: (i) Plaintiff's right to oppose such motion based on Plaintiff's understanding that Mr. Ruble informed the IRS in writing that he intends to assert his Fifth Amendment right not to testify in connection with the BONY STARS case, and Plaintiff's contention that such invocation is not relevant to the matters at issue in this case, and (ii) Plaintiff's right to object to the admissibility of such testimony at trial.

**Potential Records Custodian Depositions**

WHEREAS, Defendant has received documents connection with this action from the following third parties (the "Third Party Documents"):  (1) SABW; (2) PricewaterhouseCoopers LLP; (3) Freshfields Bruckhaus Deringer LLP; (4) KPMG LLP; (5) Barclays Bank PLC; (6) KPMG UK; (7) Sidley Austin LLP UK; (8) Asteras Holding, LLC; (9) Stevens & Lee P.C.; (10) Ernst & Young LLP; and (11) Richards Layton & Finger.

WHEREAS, Defendant has requested and Plaintiff has agreed, subject to Court approval, that if the parties cannot agree to the admissibility of certain of the Third Party Documents, the Defendant may seek to depose the third party records custodians outside of the fact discovery period for the limited purpose of addressing the admissibility of the Third Party Documents.

WHEREAS, the parties agree that, prior to such depositions, they will engage in good faith efforts to stipulate to the admissibility of the identified Third Party Documents.

**Extension of Time for Defendant to Serve Interrogatory Answers**

WHEREAS, Defendant has requested and Plaintiff has agreed, subject to Court approval pursuant to Rule29(b), that Defendant shall have until April 13, 2012 to respond to Plaintiff's Second Set of Interrogatories and First and Second Sets of Requests for Production.

**Potential Privilege Challenge**

WHEREAS, Plaintiff has requested and Defendant has agreed, subject to Court approval, that Plaintiff may raise any challenges to documents identified on Defendant's privilege logs, including filing a motion to compel, after the close of substantial fact discovery but before the close of all discovery.

**Potential Comptroller of the Currency Challenge**

WHEREAS, Plaintiff has requested and Defendant has agreed, subject to Court approval to the extent necessary pursuant to Rule 29(b), that Plaintiff shall be permitted to challenge the Comptroller of the Currency's March 13, 2012 decision not to provide certain non-public information Plaintiff requested, after the close of substantial fact discovery.

WHEREAS, for the following reasons, the parties agree that: (i) the Brawley deposition will be scheduled during May or June; (ii) Defendant may move no later than Friday, April 6, 2012 for leave under Rule 30(a)(2)(B) to take the Ruble deposition during in April, May or June,

2012; (iii) the depositions of third party records custodian will be scheduled after the completion of all remaining non-expert witness depositions, and after the parties have exhausted good faith measures to reach agreements as to document admissibility, but before the close of all discovery on October 26, 2012; (iv) Defendant shall have until April 13, 2012 to respond to Plaintiff's Second Set of Interrogatories and First and Second Sets of Requests for Production; (v) Plaintiff may raise any challenges to documents identified on Defendant's privilege logs, including filing a motion to compel, after the close of substantial fact discovery but before the close of all discovery; and (vi) Plaintiff shall be permitted to challenge the Comptroller of the Currency's March 13, 2012 decision not to provide certain non-public information Plaintiff requested:

1. The parties in the STARS Litigations have been involved in extensive depositions in March, including some depositions in the United Kingdom;

2. Certain of the depositions in March took two to three days as the witnesses were deposed in multiple STARS Litigations;

3. The Bank of New York (BONY) trial will occur in April and May, 2012. BONY's counsel also represents Wells Fargo, and their attendance at the Ruble and Brawley depositions is necessary. As a result of the trial calendar, Wells Fargo's counsel has limited availability;

4. This schedule resulted in limited availability for the parties' lawyers to conduct additional depositions; and

5. Because of the subject matter of the expected testimony from the Ruble and Brawley depositions, the parties believe that taking that deposition no later than June will not affect their ability to serve timely expert reports, which are due approximately one month after the close of substantial fact discovery.

ACCORDINGLY, THE PARTIES HEREBY STIPULATE that, subject to Court approval: (i) the United States will conduct the Brawley deposition in May or June; (ii) that the United States may move no later than Friday, April 6, 2012 for leave to take the Ruble deposition on a mutually-agreeable date in April, May, or June 2012 subject to: (a) Plaintiff's right to oppose such motion for the reasons outlined above, and (b) Plaintiff's right to object to the admissibility of such testimony at trial; (iii) that the depositions of third party records custodian will be scheduled after the completion of all remaining non-expert witness depositions, and after the parties have exhausted good faith measures to reach agreements as to document admissibility, but before the close of all discovery on October 26, 2012; (iv) Defendant shall have until April 13, 2012 to respond to Plaintiff's Second Set of Interrogatories and First and Second Set of Requests for Production; (v) Plaintiff may raise any challenges to documents identified on Defendant's privilege logs, including filing a motion to compel, after the close of substantial fact discovery but before the close of all discovery; and (vi) Plaintiff shall be permitted to challenge the Comptroller of the Currency's March 13, 2012 decision not to provide certain non-public information Plaintiff requested.

Respectfully submitted this 30th day of March 2012.

[Signature Block on Next Page]

STIPULATED TO AND SUBMITTED BY:

| | |
|---|---|
| */s/ Rajiv Madan* | CARMEN MILAGROS ORTIZ |
| Rajiv Madan, D.C. Bar #463317 | United States Attorney |
| John Magee, D.C. Bar #931139 | |
| Christopher Bowers, D.C. Bar #468117 | */s/ Dennis M. Donohue* |
| Christopher Murphy, D.C. Bar #500886 | DENNIS M. DONOHUE (OH Bar #0026504) |
| Nathan Wacker, TX Bar #24075230 | Chief Senior Litigation Counsel |
| BINGHAM MCCUTCHEN LLP | JOHN L. SCHOENECKER (D.C. Bar #496720) |
| 2020 K Street, N.W. | GREGORY L. JONES |
| Washington, D.C. 20006 | Trial Attorneys, Tax Division |
| Telephone: (202) 373-6000 | U.S. Department of Justice |
| Facsimile: (202) 373-6001 | P.O. Box 55, Ben Franklin Station |
| | Washington, D.C. 20044-0055 |
| Email: raj.madan@bingham.com | Telephone:   (202) 307-6492 (DMD) |
| john.magee@bingham.com | (202) 307-6573 (JLS) |
| chris.bowers@bingham.com | (202) 305-3254 (GLJ) |
| christopher.murphy@bingham.com | Facsimile:   (202) 307-2504 (DMD) |
| nathan.wacker@bingham.com | (202) 514-5238 (JLS) |
| | (202) 514-9868 (GLJ) |
| James C. McGrath, BBO #564731 | Email: Dennis.Donohue@usdoj.gov |
| Deana El-Mallawany, BBO # 674825 | John.L.Schoenecker@usdoj.gov |
| BINGHAM MCCUTCHEN LLP | Gregory L. Jones@usdoj.gov |
| One Federal Street | |
| Boston, MA 02110-1726 | ALAN S. KLINE (PA BAR #53095) |
| Telephone: (617) 951-8000 | Special Attorney, Tax Division |
| Facsimile: (617) 951-8736 | U.S. Department of Justice |
| Email: james.mcgrath@bingham.com | 33 Maiden Lane, 12th Floor |
| deana.el-mallawany@bingham.com | New York, New York 10038 |
| | Telephone: (917) 421-4627 |
| *Counsel for the Plaintiff* | Facsimile: (917) 421-4821 |
| | Email: Alan.S.Kline2@irscounsel.treas.gov |
| | |
| | *Counsel for the Defendant* |

IT IS SO ORDERED this ___ day of _____, 2012.

 _____
 HON. GEORGE A. O'TOOLE, JR.


- 7 -

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 30, 2012.

               */s/ Rajiv Madan*
               Rajiv Madan, D.C. Bar #463317