UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11043-GAO

SANTANDER HOLDINGS USA, INC. & SUBSIDIARIES,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

OPINION AND ORDER
August 6, 2012

O'TOOLE, D.J.

The defendant's Motion (dkt. no. 91) to Compel is GRANTED in part and DENIED in part, as follows:

**Tax Reserve Work Papers:** In this circuit it is settled that tax reserve work papers are generally not entitled to work product protection, because they are prepared primarily to fulfill accounting and reporting requirements and not in anticipation of litigation, even though they assess potential litigation. See United States v. Textron Inc. & Subsidiaries, 577 F.3d 21, 23 (1st Cir. 2009).  The contested documents are not protected by the work product doctrine for either of two reasons. First, if the documents were provided to assist Ernst &Young in assessing the adequacy and propriety of the reserves, then the documents fall within the scope of the Textron holding. On the other hand, if the documents were not provided to Ernst &Young in its capacity as independent auditor so as to be literally within the scope of the Textron ruling, then the disclosure amounted effectively to a waiver of any work product projection.

**Post-Closing Advice Regarding Changes in Law and Transaction Unwind:** The attorney-client and tax practitioner privileges and work product protection have not been waived as to documents involving advice relating to the changes in the law in both the United Kingdom and the United States and advice relating to the unwind of the plaintiff's STARS transactions. As both parties recognize, reliance on an advice-of-counsel defense works as a waiver as to all privileged communications concerning the same subject matter. Resolving the scope of the waiver of privilege requires identifying the scope of the subject matter implicated by the assertion of the defense. Here, the defense relates to advice regarding whether to enter into the STARS transaction. Advice concerning the effects of later changes in the law or the eventual unwind of the transaction are different subject matters. In this respect, I disagree with the conclusion reached by the Court of Federal Claims in the <u>Salem Financial</u> case. Identifying the subject matter broadly as "tax advice about the STARS transactions" is too general an assessment of the nature of the subject matter.

Furthermore, the tax practitioner privilege arising under 26 U.S.C. §7525 is not vitiated by the tax shelter exception. Assuming for this question that STARS constitutes a "tax shelter," which is essentially an ultimate question in this case, nonetheless the advice given by KPMG was not given in "promotion" of the tax shelter, as required by § 7525(b).

**Advice Relating to IRS Audit of STARS Transaction:** Finally, the defendant asserts that plaintiff has waived its tax advice privilege as to documents prepared in response to the IRS audit of its STARS transactions by its intentional disclosure of a memo from KPMG dated February 27, 2007, entitled "Memorandum of Oral Advice" (KPMG-SANT 369128-369135). I agree. The memo revisits KPMG's original opinion about the tax consequences of the STARS transactions in light of more recent cases decided after the STARS transactions were entered

into. It appears from the memo itself that it was intended as a kind of response to positions expected to be asserted by the IRS in the course of the audit. The memo clearly falls within the scope of the privilege, but by voluntarily disclosing it, the plaintiff waived the privilege as to it and documents discussing the same subject matter, which subject matter includes the IRS positions regarding the audit.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge